PEOPLE ex rel. CLARK v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

REMOVAL OF POLICE OFFICERS—TRIAL—ADJOURNMENT.

At the close of a proceeding before the trial commissioner, leading to relator's dismissal from the police force, it was stated on behalf of relator that two or three citizens had given their names to him, whom he could get if necessary. Their names were not stated, nor the facts to which they would testify, nor was any effort shown to procure their attendance, nor any application made for an adjournment. The trial commissioner then remarked that he did not think it was necessary to get them. *Held*, that this casual remark was not a ruling, and that the facts did not indicate any deprivation of rights.

Certiorari by the people, on the relation of Edgar T. Clark, against Theodore Roosevelt and others, to review the dismissal of relator from the police force. Writ dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

L. J. Grant, for appellant.

T. Farley, for respondents.

PER CURIAM. The relator was found guilty of an offense which fully justifies his dismissal from the police force. The only question requiring consideration now is as to whether, on the trial, he was deprived of any right by the trial commissioner. It is claimed that at the close of the proceeding before the trial commissioner it was stated on behalf of the relator that, at the time of the occurrence which resulted in the charges being preferred against him, there were two or three citizens who gave their names to the relator, but he had no time to go and get them, but that he could get them if necessary in the case; that they gave their names to the relator just as the other witnesses had given theirs to the complainant. The trial commissioner

then remarked that he did not think it was necessary; not at that time, any way. There is nothing in this occurrence at the trial which indicates that the relator was deprived of any right whatever. It was not stated to the trial commissioner who these persons were, nor what they would testify to; nor was it shown that any effort had been made to procure their attendance, nor was there any suggestion, even, of an application for an adjournment in order that these persons might be seen and their attendance procured. There had been a full investigation, apparently, before the trial commissioner. Notice of the charges was given to the relator on the 6th of April, and the trial was set for the 9th of April. No excuse was given for not subpœnaing these persons, and nothing was before the commissioner but this simple statement of counsel, so vague and indefinite that it did not even amount to a request for further time. The casual remark of the commissioner, above referred to, was not a ruling; and, if delay had been desired to procure the attendance of other witnesses, it should, at least, have been asked for. The writ should be dismissed, with costs.